**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES KNIGHT** | : | |
| | : | **Case No. 2:13-CV-1271** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| vs. | : | |
| | : | Magistrate Judge Mark R. Abel |
| **COLUMBUS DIVISION** | : | |
| **OF POLICE,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## <u>OPINION & ORDER</u>

### I. INTRODUCTION

This matter came to be heard on Defendants Gregory Mackinnon & William Mallernee's Motion to Dismiss (Doc. 6), Defendant Kim Jacobs' Motion to Dismiss (Doc. 7), and Defendants Columbus Division of Police & City of Columbus' Motion to Dismiss (Doc. 8). For the reasons set forth herein, Defendants' Motions are each **GRANTED.**

### II. BACKGROUND

Plaintiff Charles Knight ("Knight") is an Ohio resident. Defendants Gregory Mackinnon and William Mallernee are police officers for the Columbus Division of Police. Defendant Kim Jacobs is Police Chief for the Columbus Division of Police.

On January 1, 2012, Knight was involved in a motor vehicle accident. (*Complaint*, Doc. 3, ¶ 1). Officers Mackinnon and Mallernee responded to the accident and ticketed Knight, which Plaintiff believes was "a conspiracy to falsely charge Plaintiff to protect the at fault driver." (*Id.*, at ¶ 8). Plaintiff alleges that these actions violated his Due Process rights. (*Id.*, at ¶ 9). Plaintiff went to trial on January 26, 2012, and was found not guilty for the January 1, 2012 ticket. (*Id.*, at ¶ 10).

Plaintiff brings suit against the Officers, Chief, Columbus Division of Police, and City of Columbus. (*Id.*, at ¶ 10). Plaintiff filed his complaint in December 2013, alleging a violation of his Constitutional rights. (*Complaint*, Doc. 3). Defendants responded, pursuant to Rule 12(b)(6), with Motions to Dismiss in January 2014. (*Motion to Dismiss*, Docs. 6, 7, 8). Defendants' arguments are addressed collectively herein.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir.2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). But the complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir.2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

2

## IV. LAW & ANALYSIS

Plaintiff does not cite any specific legal theories of recovery in his complaint. (*Complaint*, Doc. 3). But Plaintiff does state that his "Due rights" were violated. (*Id.*, at ¶ 9). As a Motion to Dismiss for failure to state a claim requires this Court to view the complaint in the light most favorable to the Plaintiff, this Court assumes that Knight meant to incorporate his Constitutional rights against malicious prosecution and his Due Process rights arguments. All claims for Constitutional violations must be raised under 42 U.S.C. § 1983, as it is the exclusive remedy for such claims. *See Foster v. Michigan*, 2014 WL 3511734, at *13 (6th Cir. 2014).

### A. Malicious Prosecution § 1983

A plaintiff brings a claim for federal malicious prosecution under 42 U.S.C. § 1983 to remedy Fourth Amendment violations when plaintiff can establish: (1) a criminal prosecution was initiated against the plaintiff and that the Defendants made, influenced, or participated in the decision to prosecute, (2) there was a lack of probable cause for the criminal prosecution, (3) plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, and (4) the criminal proceeding must have been resolved in plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308–309 (6th Cir. 2010) (internal quotations, citations, and alterations omitted); *see also* <u>Legenzoff v. Steckel</u>, 564 F. App'x 136, 146 (6th Cir. 2014).

Such a claim requires that all four elements are met, so if a plaintiff fails to demonstrate even one element, then the claim must fail. The third element requires a seizure so that "a reasonable person would have believed that he was not free to leave." *DePiero v. City of Macedonia*, 180 F.3d 770, 789 (6th Cir. 1999). The Sixth Circuit has held that a traffic ticket itself does not qualify as a seizure "because upon appearing to answer the charges in the ticket,

he would have been afforded a trial" and "[o]n the date [Plaintiff] was issued the parking ticket, [Plaintiff] was free to leave." *Id.*

Assuming all facts as true, Knight has not established all required elements for this claim. Without asserting the third element of deprivation of liberty, Plaintiff failed to satisfy the requirements of a federal Malicious Prosecution claim under § 1983.  Because a mere traffic ticket is not a seizure, as required by the third element, Knight's malicious prosecution claim fails.

### B. Fourteenth Amendment Due Process § 1983

A plurality of the Supreme Court has recognized that a Plaintiff may not recover for a substantive due process violation under § 1983. *See Albright v. Oliver*, 510 U.S. 266, 275 (1994); *see also Darrah v. City of Oak Park*, 255 F.3d 301, 308 (6th Cir. 2001).

Procedural due process claims involve a two-step analysis.  A court must first ask "whether there exists a liberty or property interest of which a person has been deprived" and then "whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 131 S. Ct. 859, 861 (2011) (citing *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 460 (1989)).

Knight has not stated a cognizable claim under § 1983 for either substantive or procedural due process guarantees.  A plaintiff may not assert substantive due process under § 1983 because of its "scarce and open-ended guideposts," so Knight cannot assert it *sub judice*. *Albright*, 510 U.S., at 275.  As to procedural due process, Knight has not asserted a deprivation of liberty or property interest; thus he cannot succeed on such a claim.

## V. CONCLUSION

For the above reasons, Defendants' Motions (Doc. 6, Doc. 7, Doc. 8) are **GRANTED**.

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley    
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 12, 2014**